United States Court of Appeals

for the Third Circuit



RECEIVED
AUG - 4 2025
3ccs
U.S.C.A. 3rd. CIR

$600.00, Pd
# 701

In re: David J. Catanzaro,

Petitioner

---

## PETITION FOR WRIT OF MANDAMUS

---

From the United States District Court

for the Middle District of Pennsylvania

(Docket Nos. 3:22-cv-01754 and 3:22-cv-01768)

---

David J. Catanzaro

Plaintiff and Petitioner, Pro Se

286 Upper Powderly Street

Carbondale, PA 18407

davidjosephus@aol.com

July 31, 2025

i

## Table of Contents

I.   Introduction and Summary of Relief Requested ..................................... 1

    A. Notice of Forthcoming Stay Motions in Both District Cases ............... 2

II.  Petitioner's Background and Revival of the '959 Patent ........................... 2

III. Purpose of This Petition for Mandamus ............................................. 3

IV.  Supporting Evidence of Systemic Bias .............................................. 4

V.   Plaintiff's Prior Warning and the Path to Mandamus ............................. 6

IV.  Catanzaro v. Lykart Technologies LLC, et al., Case No. 3:22-cv-01754 ...... 7

    A. Factual Misstatement and Refusal to Correct the Record ................... 11

    B. Pattern of Ignoring Plaintiff Filings While Granting
       Defendants' Requests ................................................................ 12

    C. The Court's Own Admission of Delay ........................................ 12

    D. Final Note ........................................................................... 14

    E. Chronological Filing Summary Demonstrating Judicial
       Delay and Disregard ................................................................ 14

    F. Conclusion ........................................................................... 18

VII. Catanzaro v. Walmart, et al., Case No. 3:22-cv-01768 .......................... 18

VIII. Statement of Facts Supporting Mandamus (Case 01768) ........................ 21

IX.  Legal Standard ......................................................................... 22

X.   Argument ................................................................................ 23

XI.  Transfer Under 28 U.S.C. § 1406(a) as the Proper Mandamus Remedy ....... 28

XII. Conclusion and Prayer for Relief .................................................... 30

## I. Introduction and Summary of Relief Requested

Plaintiff respectfully asks this Court to transfer both Case No. 3:22-cv-01768 and

Case No. 3:22-cv-01754 to the Western District of Pennsylvania pursuant to 28

U.S.C. § 1406(a), on the grounds that the current venue has proven structurally

incapable of providing timely or impartial adjudication. Transfer is warranted to

restore fairness, prevent further prejudice, and ensure neutral resolution of both

matters.

In Case No. 3:22-cv-01768, all remaining Defendants have been in default for over

18 months, yet Plaintiff continues to await a ruling on his motion for default

judgment. In Case No. 3:22-cv-01754, three of the four remaining Defendants—

Google, Apple, and YouTube—maintain a business presence in the

Commonwealth, and YouTube is owned by Google/Alphabet. Mozilla, while

based in California, may be severed and transferred separately if necessary.

Plaintiff respectfully requests that this Court act without further delay to preserve

the integrity of both proceedings and prevent ongoing harm.

Plaintiff further notes that should the District Court issue rulings on the long-

pending motions in either Case No. 3:22-cv-01768 or Case No. 3:22-cv-01754

only after the filing of this petition, it would raise additional serious concerns

before this Honorable appellate court regarding judicial posture and institutional

integrity. After months of total silence—despite fully briefed motions, repeated

1

filings, and documented prejudice—such action would not reflect ordinary case management, but would instead appear reactive and defensive. This would only further reinforce the appearance of systemic imbalance and strengthen Plaintiff's request for extraordinary relief.

**A. Notice of Forthcoming Stay Motions in Both District Cases**

Plaintiff also advises the Court that, concurrent with the mailing of this petition, he will be filing a Motion to Stay in each of the underlying cases—*Catanzaro v. Lykart Technologies LLC, et al.*, Case No. 3:22-cv-01754, and *Catanzaro v. Walmart, Inc., et al.*, Case No. 3:22-cv-01768—pending resolution of this mandamus proceeding. This action is intended to preserve judicial resources and avoid compounding prejudice during the appellate review period.

**(All referenced filings herein are publicly available through PACER on the dockets of the respective cases. No sealed or confidential materials are cited. The facts and delays described herein are fully documented in those records.)**

**II. Petitioner's Background and Revival of the '959 Patent**

Petitioner is the sole inventor and rightful owner of U.S. Patent No. 6,942,959 (the "'959 Patent"), originally allowed by the U.S. Patent & Trademark Office (USPTO) but not issued due to Petitioner's inability to pay the issue fee at the time. As a result of severe financial hardship, the patent remained abandoned for nearly a decade.

Between 2008 and 2010, following a formal petition citing financial distress, the USPTO granted Petitioner's request to revive the '959 Patent. This extraordinary reinstatement—following nearly ten years of non-enforcement—reflected the USPTO's recognition of Petitioner's hardship and the good-faith nature of his efforts to secure and protect his invention.

Since that time, Petitioner has actively enforced the '959 Patent against numerous infringers, including some of the world's largest digital platforms. More than two dozen settlements have been reached with downstream sellers marketing or distributing products that infringe on the '959 Patent.

With only a high school education, Petitioner has independently brought multiple patent infringement actions pertaining to the '959 Patent in the Middle District of Pennsylvania. All but two of those cases have either resulted in settlement or been voluntarily dismissed, with the exception of *Catanzaro v. Walmart Stores, Inc., et al.*, No. 3:22-cv-01768, and *Catanzaro v. Lykart Technologies LLC, et al.*, No. 3:22-cv-01754—both of which remain pending.

### III. Purpose of This Petition for Mandamus

This petition seeks to present the appellate court with an unambiguous and overwhelming record that the District Court has ceased functioning impartially in Petitioner's cases. When both dockets are viewed together, the record reveals not

mere delay, but *systemic judicial prejudice* against a pro se inventor attempting to enforce valid patent rights.

Specifically:

- In *Catanzaro v. Lykart Technologies LLC, et al.* (No. 3:22-cv-01754), Plaintiff's motions are either ignored or dismissed with bias, while Defendants' filings are promptly and favorably addressed.

- In *Catanzaro v. Walmart Stores, Inc., et al.* (No. 3:22-cv-01768), despite multiple entries of default, Plaintiff's motions for sanctions and default judgment have been stalled indefinitely—leaving Plaintiff exposed to procedural exploitation, threats, and one-sided settlements from defaulted parties.

- The cumulative record—when read in full—reflects not isolated error, but an entrenched pattern of imbalance that now requires higher court intervention.

## IV. Supporting Evidence of Systemic Bias

1. A fully briefed Motion for Default Judgment has been pending in Case No. 3:22-cv-01768 since December 2024—without a ruling for more than seven months.

2. A Motion to Expedite that ruling (Doc. 114), filed in February 2025, has likewise been ignored.

4

3. One defaulted Defendant—USimprints—has gone out of business during the delay, creating irretrievable loss of recovery.

4. Two other defaulted Defendants—owned by the same individual—explicitly threatened to reenter the case unless Plaintiff agreed to one-sided settlement terms, which Plaintiff regretfully accepted under pressure.

5. The Court has never formally locked out the defaulted parties, allowing a state of procedural limbo that encourages threats, leverage, and manipulation.

6. The Third Circuit has already ruled that this Court previously acted with an *"abuse of discretion"* in the related Case No. *3:22-cv-01754*, reversing the dismissal of Plaintiff's motion for failure to include a separate brief. *See Catanzaro v. Does 1 through 50; Walmart, Inc.; Walmart.com, Case No. 24-1247* (3d Cir. 2024). Although the appellate ruling arose in 01754, both actions—01754 and the present case, 01768—were assigned to the same District Judge at the time and remain under the same judicial assignments today. The appellate court's finding of abuse therefore has direct bearing on the current matter, reinforcing the pattern of judicial mishandling and the need for extraordinary relief across both dockets.

7. In Case No. 3:22-cv-01754, Plaintiff's two Motions for Reconsideration— one challenging the denial of a stay (Docs. 95, 97), and the other opposing

the Court's coordinated briefing order (Doc. 111, with supporting brief at Doc. 112)—remain pending. Meanwhile, defense requests such as the Joint Motion for Coordinated Briefing and other filings have been granted without delay.

8. In granting coordinated briefing, the Court adopted a demonstrably false claim that Google was Mozilla's default search engine in 2016, despite Plaintiff's documented correction in the record.

9. The Court has not given equal consideration to Plaintiff's factual corrections or legal filings and has repeatedly adopted assertions by Defendants that were cherry-picked, incomplete, or contradicted by the record.

10. Taken together, these facts depict not procedural oversight, but a sustained pattern of systemic bias and unequal treatment toward a pro se litigant—now threatening the integrity of both pending cases.

## V. Plaintiff's Prior Warning and the Path to Mandamus

Plaintiff did not arrive at this point lightly. In his Motion for Reconsideration (Doc. 95) in Case No. 3:22-cv-01754—and again in his Supplement to Plaintiff's Motion for Default Judgment (Doc. 123) in Case No. 3:22-cv-01768—Plaintiff explicitly advised the District Court that continued inaction in both cases—especially Case No. 3:22-cv-01768—could necessitate a petition for mandamus. He wrote:

*"Plaintiff respectfully adds that he does not wish to burden this Court, or the appellate courts, with unnecessary filings. However, in light of the irreversible harm that has already been established, and unless rulings are forthcoming in both this matter and in Case No. 3:22-cv-01768 — which remains stalled despite a properly filed motion to expedite (Doc. 114) — Plaintiff may be left with no reasonable option other than to seek mandamus relief from the Third Circuit."*
That pleading was filed months ago and remains unaddressed by the Court.

**IV. Catanzaro v. Lykart Technologies LLC, et al., Case No. 3:22-cv-01754**
**Procedural History Demonstrating Judicial Disregard and Imbalance**
Plaintiff filed a Notice of Potential Conflict (Doc. 88) on March 28, 2025, in Case No. 3:22-cv-01754, informing the Court that a conflict existed between that case and Case No. 3:22-cv-01768. Plaintiff warned that failure to rule on the pending motion for default judgment in the 01768 case could create procedural entanglements and undermine Plaintiff's ability to fairly litigate the 01768 action. Plaintiff explained that this conflict could be avoided if the Court either ruled on the default judgment motion in 01768 or, alternatively, stayed proceedings in 01754 until that ruling occurred (both actions involve the same '959 Patent). On April 1, 2025, Plaintiff filed a Motion to Stay (Doc. 89), along with a supporting brief (Doc. 90), in the 01754 matter. In that brief, Plaintiff emphasized that the unresolved motions in 01768—including for default judgment and

7

sanctions—could affect the outcome of both cases, especially 01768, where all Defendants remain in default and are not barred from reentry. Because the defaulted Defendants in 01768 are still technically active, any rulings in 01754 could be weaponized by those parties to justify vacatur or reentry.

Although the Defendants in 01754 did not oppose the stay motion, their non-opposition filing (Doc. 91) included a statement asserting that nothing decided in Case No. 3:22-cv-01768 would affect the outcome of 3:22-cv-01754. While that may be accurate in isolation, Plaintiff filed a Notice Clarifying Scope of Non-Opposition (Doc. 93), reiterating that the inverse was far more concerning: rulings in 01754 could absolutely affect 01768, particularly if default judgment continued to be withheld. At the time of this filing, all Defendants in 01768 had been in default for over 18 months.

In its subsequent Order (Doc. 94), the Court cited only the Defendants' assertion—that 01768 would not affect 01754—and failed to address the full content of Plaintiff's supporting brief or the clarifying Notice (Doc. 93). The Court did not meaningfully engage with the concern that rulings in 01754 could be used to undermine the default status of Defendants in 01768.

Instead, the Court dismissed the substance of the stay request and portrayed it as a delay tactic. The Order described the case as *"languishing"* for over 2.5 years and

8

attributed the delay to Plaintiff—falsely framing the stay motion as an effort to

coerce action in 01768.

In response, Plaintiff filed a Motion for Reconsideration (Doc. 95) and Brief in

Support (Doc. 97), again stressing that the Court addressed only Defendants' view

and ignored the far more harmful possibility: that 01754 could influence 01768.

Plaintiff also noted that the Court had already caused major delay in 01754,

including a ruling reversed by the Third Circuit in *Catanzaro v. Does 1 through*

*50; Walmart, Inc.; Walmart.com*, No. 24-1247 (3d Cir. 2024), which the appellate

court held was an abuse of discretion. That error caused over 13 months of delay,

followed by another 5 months for judicial reassignment. To date, the Motion for

Reconsideration (Docs. 95, 97), filed on April 18 and 21, 2025, remains pending.

As detailed in Plaintiff's Brief in Support (Doc. 97) as follows:

*"Plaintiff has shown that the continued delay in 3:22-cv-01768 has caused real*

*and measurable harm. Plaintiff recently discovered that one defaulted Defendant*

*— USimprints — has gone out of business, creating substantial uncertainty as to*

*whether any judgment could ever be enforced. In addition, two other defaulted*

*Defendants — Wholesale in Motion Group Inc. and Price US Wholesale, both*

*owned by the same individual and previously referred to as one Defendant, were*

*dismissed with prejudice following a one-sided settlement. That resolution was*

*reached only after the owner explicitly threatened to seek reentry into the case,*

*taking advantage of the fact that no default judgment had yet been entered. These events underscore that defaulted Defendants are not truly 'closed out' until default judgment is formally entered. Their continued legal limbo creates procedural imbalance, invites undue leverage, and results in tangible prejudice to Plaintiff's position."*

The Motion to Stay further stated:

*"Case No. 3:22-cv-01768 involves overlapping factual and legal issues. The outcome of the pending motions may significantly affect the posture and scope of the present action, or, conversely, the present action may affect the outcome of Case No. 3:22-cv-01768."*

Defendants in 01768 were actively threatening reentry unless Plaintiff accepted one-sided settlement terms—exploiting the Court's failure to issue default judgment. Yet the Court responded in its order in case 01754 (Doc. 94) with the following:

*"fails to explain how the entry of default judgment he seeks in the other action would impact these proceedings."*

This sentence misquotes and inverts Plaintiff's argument—whether through willful distortion or judicial disengagement, the effect is the same: the appearance of neutrality has been lost, and Plaintiff's ability to fairly litigate has been undermined.

## A. Factual Misstatement and Refusal to Correct the Record

On June 16, 2025, Plaintiff filed a timely Opposition to the Joint Motion for Coordinated Briefing in Case No. 3:22-cv-01754 (Doc. 104), objecting to consolidation given the distinct roles of each Defendant. In that filing, Plaintiff correctly noted the present-day relationship between Google and Mozilla, but he inadvertently omitted that Yahoo served as the default search engine for Mozilla's Firefox browser in 2016—the relevant damages period.

To correct the record, Plaintiff filed a Notice of Clarification (Doc. 105), confirming that Yahoo—not Google—was Mozilla's official default engine in 2016. Despite this correction, the Court granted the Joint Motion (Order Doc. 110), expressly adopting the false narrative that Google was the default for all remaining Defendants—relying primarily on this inaccuracy as the stated basis for granting coordinated briefing.

Plaintiff promptly filed a Motion for Reconsideration (Doc. 111), pointing out the Court's failure to consider the clarification and its disregard for key factual distinctions between Defendants. Plaintiff had never opposed reasonable grouping—e.g., Google with YouTube (which it owns), or Apple with Mozilla (both of which rely on third-party defaults). The objection was to false equivalence across all Defendants based on a factual error about Mozilla.

As of this Petition, the Motion for Reconsideration (Doc. 111) and Brief in Support

(Doc. 112) remains unaddressed, and Plaintiff's alternative proposal—to allow two

grouped filings—has been entirely ignored.

**B. Pattern of Ignoring Plaintiff Filings While Granting Defendants' Requests**

Plaintiff has since filed a Motion for Leave to File a Sur-Reply and Claim Chart,

along with a Notice of Errata to correct and clarify factual points in the record.

These filings also remain pending as of the mailing of this filing, reinforcing a

pattern: Plaintiff's submissions are delayed or disregarded, while Defendants'

requests are routinely granted.

**C. The Court's Own Admission of Delay**

In denying the stay motion in 01754, the Court admitted in its order (Doc. 94):

*"Rather, a review of Catanzaro's motion to stay and his repeated attempts in*

*action No. 22-cv-1768 to compel expedited rulings on his pending motions show*

*that his attempted stay here is simply his latest effort to compel the court to*

*address the outstanding motions in No. 22-cv-1768 on an expedited basis. But a*

*plaintiff may not pursue or delay a litigation he commences at whim, or in an*

*attempt to dictate the matters to which the court affords its attention."*

This quote speaks volumes—not merely for what it says, but for what it reveals.

The Court is aware that Plaintiff's motions in 01768 have gone unanswered, yet

instead of addressing them, it portrays Plaintiff's attempts to obtain rulings as

improper. It then uses that as a basis to punish Plaintiff in a separate matter (01754), denying a stay motion not on its merits, but in retaliation for seeking rulings in 01768.

This reflects a breakdown in judicial neutrality. It sends a message that a pro se litigant may be penalized for pursuing routine procedural remedies. That chilling effect, standing alone, justifies mandamus intervention.

Even in his Motion for Reconsideration (Doc. 95), Plaintiff warned that continued inaction might require appellate intervention. As stated in that filing:

*"Plaintiff respectfully adds that he does not wish to burden this Court, or the appellate courts, with unnecessary filings. However, in light of the irreversible harm that has already been established, and unless rulings are forthcoming in both this matter and in Case No. 3:22-cv-01768 — which remains stalled despite a properly filed motion to expedite (Doc. 114) — Plaintiff may be left with no reasonable option other than to seek mandamus relief from the Third Circuit."*

Even this respectful warning failed to prompt meaningful engagement. The Court has declined to rule, failed to acknowledge factual corrections or compromise proposals, and allowed demonstrably false premises to stand uncorrected. Plaintiff is no longer merely seeking relief—he is pleading for judicial fairness, and for the immediate transfer of both *Case No. 3:22-cv-01754* and *Case No. 3:22-cv-01768*

13

to the Western District of Pennsylvania, where these matters may be evaluated with the neutrality and diligence they require.

## D. Final Note

This is not a routine case. For many years, Plaintiff was the only individual in his city to hold an issued U.S. patent. The invention at the center of both cases was not obtained through third-party acquisition—it was originally conceived, developed, and ultimately revived after nearly a decade of abandonment caused by financial hardship. *Case No. 3:22-cv-01754* reflects years of pro se effort to enforce that patent against some of the most powerful digital platforms in the world.

Instead of receiving due process, Plaintiff has encountered delay, factual misrepresentation, and selective judicial engagement. These issues are not just procedural—they go to the heart of whether pro se inventors, and similarly situated individuals, can meaningfully assert their rights in federal court. The integrity of these proceedings—and broader confidence in the judiciary's impartiality—are now at stake. This case deserves impartial review. At this stage, it must be transferred or reassigned to preserve the *interest of justice*.

## E. Chronological Filing Summary Demonstrating Judicial Delay and Disregard

1. **Doc. 88 (01754) — Notice of Potential Conflict (March 28, 2025):**
   Plaintiff warned that unresolved motions in Case No. 3:22-cv-01768—

14

particularly the motion for default judgment—could prejudice proceedings in 01768.

• *No ruling issued in 01768; warning unheeded.*

2. **Doc. 89 — Motion to Stay (April 1, 2025):**

Filed (01754) to preserve judicial economy and prevent entanglement between the two related actions.

• *Denied without addressing Plaintiff's core arguments.*

3. **Doc. 90 — Brief in Support of Stay (01754):**

Outlined how rulings in 01754 could be weaponized to undermine the default posture in 01768, since defaulted Defendants in that case were actively threatening to reenter based on the Court's failure to issue default judgment.

• *Court disregarded Plaintiff's supporting analysis and cited only Defendants' filings.*

4. **Doc. 91 — Defendants' Non-Opposition to Stay (01754):**

Asserted that 01768 would not affect 01754, but did not oppose the stay motion itself.

• *Court relied solely on this framing to justify denial.*

5. **Doc. 93 — Notice Clarifying Scope of Non-Opposition (01754):**

Clarified that Plaintiff's concern was the reverse: that 01754 rulings could

adversely affect 01768, where Defendants remain in default.

• *Never addressed by the Court.*

6. **Doc. 94 — Order Denying Stay (01754):**

Dismissed Plaintiff's motion as a delay tactic and adopted Defendants'

position without engaging with Plaintiff's filings.

• *Mischaracterized Plaintiff's intent and failed to address judicial delay in*

*01768.*

7. **Doc. 95 — Motion for Reconsideration (April 18, 2025):**

Sought reconsideration (01754) of the stay denial based on

mischaracterizations, omissions, and procedural harm.

• *Still pending.*

8. **Doc. 97 — Brief in Support of Reconsideration (01754, April 21, 2025):**

Documented real-world harm from the Court's inaction in 01768, including:

• *USimprints, a defaulted Defendant, recently went out of business;*

• *Two other defaulted Defendants dismissed after threatening to reenter the*

*case due to lack of default judgment, Plaintiff agreed to one sided settlements;*

• *Undue leverage and procedural imbalance created by legal limbo.*

Also advised the Court that Plaintiff may be forced to seek mandamus relief

unless it meaningfully addressed the stalled proceedings in both matters.

• *Still pending.*

9. **Doc. 104 — Opposition to Coordinated Briefing (June 16, 2025):**

   Plaintiff objected to consolidated briefing in 01754 due to the distinct roles
   and default configurations of each Defendant but stated a willingness to
   accept a fair compromise grouping.

   • *Court later adopted a false factual claim that all Defendants used Google*
   *as their default search engine and made no mention of the compromise.*

10. **Doc. 105 — Notice of Clarification:**

    Filed to correct the record and confirm that Yahoo—not Google—was
    Mozilla's default search engine in 2016, during the relevant damages period.

    • *Court ignored the correction and granted Defendants' joint motion (Doc.*
    *110).*

11. **Doc. 110 — Order Granting Coordinated Briefing (01754):**

    Adopted Defendants' joint filing structure based solely on the false premise
    that Google was the default search engine for all named Defendants in 2016.

    • *Plaintiff's factual correction was never acknowledged.*

12. **Doc. 111 — Motion for Reconsideration of Briefing Order (01754):**

    Explained the factual error in the Court's ruling and reiterated Plaintiff's
    reasonable compromise (two grouped filings).

    • *Still pending. Court has never acknowledged the compromise proposal.*

17

13. **Motion for Leave to File Sur-Reply (Doc. 123) and Claim Chart (01754):**
    Filed to address new arguments raised in Defendants' reply and to clarify the
    issue of constructive notice.

    • *Still pending.*

14. **Notice of Errata (Doc. 127):**
    Filed concurrently with the Sur-Reply to correct minor inaccuracies and
    ensure a consistent and accurate record.

    • *Still pending.*

## F. Conclusion

This numbered timeline shows a clear pattern: Plaintiff acted diligently, filed
multiple substantive and corrective documents, and proposed reasonable
compromises. The Court, by contrast, either ignored these filings, ruled on
incomplete information, or mischaracterized Plaintiff's motives—sometimes
relying on demonstrably false facts. These cumulative errors and omissions now
rise to a level that demands appellate intervention.

## VII. Catanzaro v. Walmart, et al., Case No. 3:22-cv-01768

## Procedural History Showing Judicial Delay and Prejudice

Plaintiff originally filed this case in late 2022 to enforce U.S. Patent No. 6,942,959
(the "'959 Patent") (same patent in 01754 case) against numerous third-party
sellers, primarily operating through platforms such as AliExpress and

Walmart.com. The case proceeded with no substantial rulings until the Clerk
entered default against multiple Defendants, including AliExpress, in January
2024. However, despite these defaults, the Court failed to issue a timely ruling on
Plaintiff's subsequent motion for default judgment. The following timeline
illustrates the resulting prejudice and procedural breakdown in 01768:

- **12/15/23**: Plaintiff filed Doc. 83, Request for Default.
- **12/19/23**: Plaintiff filed Doc. 84, Motion for Default Judgment (without
  brief).
- **1/8/24**: Clerk issued Entry of Default (Doc. 85).
- **1/23/24**: District Judge denied default judgment (Doc. 86) due to lack of a
  supporting brief.
- *Prior to the denial, Plaintiff contacted chambers and discussed the pending
  motion.*
- *Plaintiff did not file a motion for reconsideration of this denial.*
- *An eight-month delay followed with no judicial action.*
- **8/28/24**: The case was reassigned to District Judge Joseph F. Saporito Jr.
- **9/10/24**: Plaintiff filed Doc. 89, Motion for Reconsideration of the
  reassignment.
- **9/10/24**: Plaintiff filed Doc. 90, Brief in Support of Reconsideration.

- **9/16/24**: Plaintiff submitted Doc. 91, Letter to Chambers objecting to the reassignment.

- **9/17/24**: Reconsideration motion was denied (Doc. 92).

- **12/19/24**: Plaintiff filed a new Motion for Default Judgment with a supporting brief (Docs. 93 & 94).

- **2/14/25**: Plaintiff filed a Motion and Brief for Sanctions and for Default Judgment (Docs. 116 & 117).

- **2/19/25**: Plaintiff filed Doc. 114, Motion to Expedite, along with supporting brief (Doc. 115).

- **3/21/25**: Plaintiff filed a Motion for Order from District Judge Joseph F. Saporito Jr. (Doc. 120).

- **4/21/25**: Plaintiff filed a Supplement to the Motion for Default Judgment, including:

   - Evidence that one defaulted Defendant (USimprints) had gone out of business;

   - Notation that two other Defendants (under common ownership) pressured Plaintiff into unfavorable settlements by threatening to re-enter the case in light of the Court's delay. (Doc. 123)

*Note: As of the date of this petition, Docs. 93, 94, 114, 115, 116, 117, 120, 121 and 123 remain pending without resolution.*

**(All referenced filings are publicly available through the PACER system and may be retrieved under the dockets for *Case Nos. 3:22-cv-01754* and *3:22-cv-01768*.)**

### VIII. Statement of Facts Supporting Mandamus (Case 01768)

- Defendants have remained in default since January 8, 2024, following the Clerk's Entry of Default.

- One of the defaulted Defendants went out of business as of April 2025, creating a substantial risk that Plaintiff will be unable to recover any judgment or obtain enforcement if judicial inaction continues.

- Two additional defaulted Defendants—under shared ownership—have pressured Plaintiff with threats to re-enter the case, using the Court's prolonged silence to extract one-sided settlements under duress.

- Plaintiff has, regrettably, accepted such one-sided settlement positions due to continued uncertainty, lack of adjudication, and the legal vulnerability caused by the Court's failure to act.

- The Court's inaction has not merely delayed justice—it has actively distorted the settlement process, giving procedural leverage to parties already deemed in default.

- The defaulted Defendants are not procedurally barred from re-entering the case, and recent filings in the related matter, *Catanzaro v. Lykart*

*Technologies LLC, et al.*, Case No. 3:22-cv-01754, demonstrate a credible

risk that such efforts may occur.

- The absence of a ruling on Plaintiff's properly supported motions (Docs. 93,
  94, 114, 115, 116, 117, 120,121 and 123) continues to invite procedural
  gamesmanship and causes ongoing, irreparable prejudice.

- The current District Judge was newly appointed to the case on August 28,
  2024, and had no preexisting caseload at the time of reassignment—further
  diminishing any justification for delay.

## IX. Legal Standard

A writ of mandamus is appropriate where:

1. The petitioner has no other adequate means to obtain the requested relief;

2. The petitioner's right to the writ is clear and indisputable; and

3. The Court, in its discretion, finds the issuance of the writ appropriate under
   the circumstances.

*See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004); *Allied Chem. Corp.
v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

Federal courts have consistently recognized that prolonged and unjustified inaction

on pending motions—particularly in the context of default judgment—may warrant

mandamus relief. *See, e.g., In re International Business Machines Corp.*, 687 F.2d

591 (2d Cir. 1982); *In re Catawba Indian Tribe*, 973 F.2d 1133 (4th Cir. 1992).

Moreover, this Court's continued inaction creates a risk of inconsistent treatment

across Plaintiff's two related cases. In *Catanzaro v. Lykart Technologies LLC, et*

*al.*, Case No. 3:22-cv-01754, Defendants were ordered to respond by May 16,

2025. Yet in *Catanzaro v. Walmart, et al.*, Case No. 3:22-cv-01768, Plaintiff

continues to await a ruling on a default judgment motion filed months earlier.

Without timely resolution in 01768, Plaintiff remains unable to coordinate

litigation strategy and is left vulnerable to procedural manipulation and prejudice.

## X. Argument

Mandamus is warranted here because Plaintiff has no other adequate remedy. His

right to rulings and fair treatment under the law is clear and indisputable, and the

Court's sustained inaction—particularly in *Case No. 3:22-cv-01768*—has caused

ongoing prejudice that undermines due process, distorts settlement dynamics, and

invites procedural manipulation across both of Plaintiff's active cases.

In *Case No. 3:22-cv-01754*, the pattern of selectively crediting Defendants' filings

while disregarding Plaintiff's submissions—combined with the Court's refusal to

rule on Plaintiff's motions and its characterization of his efforts as merely another

attempt to delay[1]—goes beyond mere delay and falls short of the impartial

adjudication required by law. It reflects an appearance of systemic bias that cannot

be ignored.

[1] "simply his latest effort to compel the court to address the outstanding motions in No. 22-cv-1768 on an expedited basis" (Doc. 94) Case 01754.

Federal judges are obligated to rule on all properly filed motions. This duty arises

not only from inherent case management responsibilities, but also from

foundational principles of fairness and due process. *See* Fed. R. Civ. P. 1

(mandating "just, speedy, and inexpensive" determinations). When a court

repeatedly fails to act—especially while granting defense motions in parallel—it

erodes public confidence in the judiciary and creates the appearance of partiality.

The Third Circuit has explicitly held that *"[a] refusal to adjudicate is itself subject*

*to appellate review." In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir.

1982). Other circuits have likewise recognized that prolonged, unexplained judicial

inaction—particularly on default judgment or dispositive motions—may justify

mandamus relief. *See, e.g., In re International Business Machines Corp.*, 687 F.2d

591 (2d Cir. 1982); *In re Catawba Indian Tribe*, 973 F.2d 1133 (4th Cir. 1992).

Here, the facts are not in dispute:

- Plaintiff filed a renewed Motion for Default Judgment in *Case No. 3:22-cv-*
  *01768* on December 19, 2024, along with a detailed supporting brief.

- Plaintiff also filed a Motion for Sanctions and Default Judgment with
  supporting exhibits on February 14, 2025, followed by a Motion to Expedite
  on February 19, 2025, and a Supplement documenting concrete prejudice on
  April 21, 2025.

- All of these motions remain pending—with no action from the Court for

over seven months, despite repeated follow-up and warnings from Plaintiff.

In contrast, the Court has acted promptly on defense-side filings in *Case No. 3:22-cv-01754*, including granting the Defendants' Joint Motion for Coordinated

Briefing and a motion to withdraw counsel. The procedural asymmetry is clear:

Plaintiff's motions in 01768 and in 01754 have been ignored, while Defendants'

motions in 01754 continue to receive timely rulings. This pattern undermines

procedural fairness and distorts the litigation process.

The danger is not hypothetical. In Doc. 95 and Doc. 97 (01754)—Plaintiff's

Motion for Reconsideration and supporting brief—Plaintiff detailed how the

failure to rule in 01768 has allowed defaulted Defendants to threaten reentry and

pressure Plaintiff into one-sided settlements. One defaulted Defendant has already

gone out of business, risking irreparable loss. Two others—under shared

ownership—used the judicial silence to demand dismissal with prejudice, which

Plaintiff reluctantly accepted under duress. As Plaintiff explained:

*"Defaulted Defendants are not truly 'closed out' until default judgment is formally*

*entered. Their continued legal limbo creates procedural imbalance, invites undue*

*leverage, and results in tangible prejudice to Plaintiff's position."* (Doc. 97 at 5)

Moreover, the Court's factual error in *Case No. 3:22-cv-01754* further illustrates the

procedural imbalance. In granting the Defendants' Joint Briefing motion (Doc.

110), the Court incorrectly stated that Google was Mozilla's default search engine in 2016, despite Plaintiff's timely Correction (Doc. 105), which made clear—based on the public record—that Yahoo was the default during the relevant period. The Court adopted the false factual premise without addressing Plaintiff's clarification—an oversight that contributed directly to the motion's outcome. Plaintiff filed a Motion for Reconsideration, which remains pending without decision.

The cumulative pattern is now unmistakable:

- In both assigned cases, Judge Saporito—along with Magistrate Judge Caraballo—has declined to rule on Plaintiff's pending motions—some of which have been fully briefed for over half a year.

- These include a motion for default judgment, motions for reconsideration, a motion for santions and default judgment, and a motion to expedite—all of which implicate Plaintiff's due process rights and litigation posture.

- Continued inaction in Case No. 3:22-cv-01768 is materially undermining that case, creating precisely the type of "cascading prejudice" Plaintiff warned about.

Plaintiff has demonstrated that he is not merely posturing. In *Case No. 3:22-cv-01754*, Plaintiff successfully appealed a prior dismissal to the Third Circuit,

which found that the district court had abused its discretion in denying a motion

for procedural reasons. As the appellate court stated:

*"Accordingly, it was an abuse of discretion for the District Court to deny*

*Catanzaro's motion on the grounds that he failed to include a separate brief."* —

*Catanzaro v. Does 1–50, Case No. 24-1247*

Despite that appellate history, the Court continues to ignore Plaintiff's properly

submitted filings, further supporting the need for extraordinary relief. The Clerk's

Office has indicated that reassignment of both cases to Judge Saporito was

motivated in part by administrative concerns—specifically, to *"give him a*

*caseload."* But reassignment to balance workload does not excuse months of

inaction on ripe motions, especially where default has already been entered and

Plaintiff's risk of harm is no longer speculative.

Finally, Plaintiff notes that many state judicial systems—including Michigan and

Indiana—require judges to resolve pending motions within 90 days or publicly

explain the delay. These standards reflect the widely accepted principle that courts

must act promptly where rights are at risk. The federal judiciary, though not bound

by such deadlines, is not immune from the same expectations of timeliness and

fairness.

In sum, Plaintiff's request for mandamus is not based on dissatisfaction with an

adverse ruling—it is based on the complete failure to rule at all, despite repeated

filings, documented prejudice, and clear appellate precedent demanding fair treatment.

## XI. Transfer Under 28 U.S.C. § 1406(a) as the Proper Mandamus Remedy

While a change of venue typically requires a showing of geographic inconvenience or local prejudice, this petition arises from a more serious and legally cognizable concern: the systemic failure of the current venue to adjudicate core motions in a timely, impartial, or procedurally sound manner. This breakdown now affects both of Plaintiff's active cases and justifies intervention through mandamus.

In *Catanzaro v. Walmart, et al., Case No. 3:22-cv-01768*, Plaintiff has filed a fully briefed Motion for Default Judgment, a Motion to Expedite, and a Motion for Sanctions and Default Judgment—along with multiple supplements documenting prejudice from the Court's inaction. Yet more than seven months have passed without a single ruling. One defaulted Defendant has already gone out of business, and others have used the absence of judicial resolution to pressure Plaintiff into one-sided settlements under threat of reentry.

Meanwhile, in the related matter, *Catanzaro v. Lykart Technologies LLC, et al., Case No. 3:22-cv-01754*, the Court has acted promptly on defense-side motions (including motions to withdraw and consolidate briefing) while continuing to withhold rulings on Plaintiff's other motions—including two properly filed Motions for Reconsideration and a Sur-Reply—after previously denying Plaintiff's

Motion to Stay. To reiterate, the Court granted the Defendants' Joint Briefing

Motion based on an incorrect factual assertion (that Google was Mozilla's default

search engine in 2016), ignoring Plaintiff's timely correction (Doc. 105) and

Motion for Reconsideration. That factual error remains unaddressed.

This persistent asymmetry in judicial action has created tangible procedural

prejudice and has materially undermined the fairness and integrity of both

proceedings. It also illustrates that the issue is not confined to one motion or one

case—it reflects a broader breakdown in neutral case management across both

dockets.

Under 28 U.S.C. § 1406(a), transfer is appropriate not only when venue is

technically improper, but also when the current venue proves structurally incapable

of ensuring the fair, timely, and impartial administration of justice. The Supreme

Court has made clear that *"the interest of justice"* favors transfer over dismissal

where a procedural defect or judicial dysfunction would unfairly prejudice the

plaintiff. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). The Third Circuit

has likewise held that *"[d]ismissal is not in order if transfer to another district is

in the interest of justice." Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291,

296 (3d Cir. 1994).

Here, the Court's failure to rule for extended periods—especially after default has

been entered in one case—and the documented pattern of procedural imbalance

demonstrate that the Middle District of Pennsylvania can no longer guarantee the neutral administration of justice. The only appropriate remedy is a writ of mandamus directing transfer under § 1406(a).

Accordingly, Plaintiff respectfully requests that this Court grant mandamus relief by ordering the transfer of both *Case No. 3:22-cv-01754* and *Case No. 3:22-cv-01768* to the Western District of Pennsylvania. That forum is proper under 28 U.S.C. § 1400(b), and several Defendants—including Google and Apple—maintain a physical presence there. Transfer would not only promote judicial efficiency, but also ensure neutral adjudication in a forum untainted by the present pattern of delay, error, and disregard for Plaintiff's filings.

## XII. Conclusion and Prayer for Relief

### The Need for Extraordinary Relief

Plaintiff has acted in good faith throughout these proceedings. He corrected procedural deficiencies, filed renewed motions, and submitted a Motion to Expedite—all without receiving a single ruling from the District Court. Meanwhile, Defendants in both cases continue to benefit from the Court's silence, including leveraging that delay to force Plaintiff into unfavorable settlements and procedural concessions.

The extended inaction in *Catanzaro v. Walmart, et al.*, Case No. 3:22-cv-01768, despite multiple fully-briefed motions, has created a perception—and reality—of

procedural imbalance. Plaintiff has not only renewed his Motion for Default Judgment, but also properly requested sanctions in light of documented misconduct by a defaulted Defendant. Yet the Court's continued silence has left Plaintiff exposed to both legal and tactical prejudice—not only in 01768, but also in the related action (*Catanzaro v. Lykart Technologies LLC, et al.*, Case No. 3:22-cv-01754), where Defendants may attempt to cite unresolved proceedings in 01768 to justify future action or reentry.

Judicial inaction in one case, coupled with aggressive and factually flawed rulings in another, threatens both the fair administration of justice and the appearance of impartiality that the judiciary is obligated to uphold.

The Third Circuit has already acknowledged this danger in reversing a prior dismissal in Case No. 3:22-cv-01754, holding that *"it was an abuse of discretion for the District Court to deny Catanzaro's motion on the grounds that he failed to include a separate brief."* That ruling was based on conduct by the same court and under the same judicial assignments that now preside over both active cases. The pattern of delay, factual misstatements, and selective judicial attention has only worsened since that time.

**Appellate Review Has Already Noted Improper Handling**

The Third Circuit has already addressed mishandling by the same District Court. In reversing a prior dismissal, it held:

*"Accordingly, it was an abuse of discretion for the District Court to deny*
*Catanzaro's motion on the grounds that he failed to include a separate brief."*
— *Catanzaro v. Does 1–50*, Case No. 24-1247

This prior finding of abuse, combined with the current pattern of selective rulings and prolonged inaction, supports Plaintiff's request for extraordinary relief.

**Relief Requested**

Plaintiff respectfully asks this Court to transfer both *Case No. 3:22-cv-01768* and *Case No. 3:22-cv-01754* to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a), on the grounds that the current venue has proven structurally incapable of providing timely or impartial adjudication. Transfer is warranted to restore fairness, prevent further prejudice, and ensure neutral resolution of both matters.

In *Case No. 3:22-cv-01768*, all remaining Defendants have been in default for over 18 months, yet Plaintiff continues to await a ruling on his motion for default judgment. In *Case No. 3:22-cv-01754*, three of the four remaining Defendants— Google, Apple, and YouTube—maintain a business presence in the Commonwealth, and YouTube is owned by Google/Alphabet. Mozilla, while based in California, may be severed and transferred separately if necessary. Plaintiff respectfully requests that this Court act without further delay to preserve the integrity of both proceedings and prevent ongoing harm.

Date July 31, 2025                    Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## Certificate of Compliance

Pursuant to Federal Rules of Appellate Procedure 21(d)(1), 32(a)(7)(B), and 32(g)(1), I certify that this petition for a writ of mandamus complies with the applicable type-volume limitation.

1. This document contains **6,367 words**, excluding the portions exempted by Rule 32(f), as determined by the word count function of the word-processing software used to prepare it (Microsoft Word).

2. This document was prepared in a proportionally spaced typeface using Microsoft Word in **Times New Roman, 14-point font**.

I certify that the foregoing is true and correct to the best of my knowledge and belief.

Date July 31, 2025                    Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2025, I personally hand-delivered a true and correct copy of the foregoing Petition for Writ of Mandamus, including all certificates, to the Clerk's Office for the United States District Court for the Middle District of Pennsylvania, for delivery to the assigned Judges in the following two matters, as required by Rule 21(a) of the Federal Rules of Appellate Procedure:

- *Catanzaro v. Lykart Technologies LLC, et al.*, Case No. 3:22-cv-01754
- *Catanzaro v. Walmart, Inc., et al.*, Case No. 3:22-cv-01768

These materials are intended for the attention of:

- District Judge Joseph F. Saporito, Jr.
- Magistrate Judge Phillip J. Caraballo

I certify under penalty of perjury that the foregoing is true and correct.


Date July 31, 2025                         Respectfully submitted,



David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2025, I caused a true and correct copy of the foregoing Petition for Writ of Mandamus, including all certificates, to be served via email, in accordance with the parties' agreement for reciprocal email service, to all counsel of record as listed on the docket:

**For Unrepresented Defendants:**

The following two defendants have not appeared in this case and are not represented by counsel. Copies of the foregoing document were served via First Class **U.S. Mail** to the last known business address shared by both entities:

**Lykart Technologies, LLC. and GrowKart**
30 N Gould St Suite 5707
Sheridan, WY 82801, US

These defendants are currently in procedural **default**, and Plaintiff reserves the right to move for entry of default as appropriate.

Date July 31, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

PR**IORITY**
**MAIL**
**EXPRESS**®

**FLAT RATE**
**ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PS10001000006

EP13F July 2022
OD: 12 1/2 x 9 1/2



UNITED STATES
POSTAL SERVICE®

PRIORITY
MAIL
EXPRESS®

EE 343 958 849 US

X-RAY USPS

CUSTOMER USE ONLY
FROM: (PLEASE PRINT)   PHONE: 570 936·9262

DAVID CATANZARO
286 UPPER POWDERLY St
CARBONDALE, PA 18407

DELIVERY OPTIONS (Customer Use Only)

■ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
   *Refer to USPS.com® or local Post Office™ for availability.

PAYMENT BY ACCOUNT (if applicable)
USPS® Corporate Acct. No.   Federal Agency Acct. No. or Postal Service™ Acct. No.

ORIGIN (POSTAL SERVICE USE ONLY)
☐ 1-Day   ☐ 2-Day   ☐ Military   ☐ DPO
PO ZIP Code   Scheduled Delivery Date (MM/DD/YY)   Postage
18433   8/4/25   $ 31.40
Date Accepted (MM/DD/YY)   Scheduled Delivery Time   Insurance Fee   COD Fee
7/3/25   ☐ 10:30 AM ☐ 3:00 PM   $   $
Time Accepted   10:30 AM Delivery Fee   Return Receipt Fee   Live Animal Transportation Fee
10:25 ☐ AM ☐ PM   $   $   $
   Total Postage & Fees
   $ 31.40
   Employee Signature

   Employee Signature

LABEL 11-B, JULY 2018   PSN 7690-02-000-9996

United States Court of Appeals for the Third Circuit

James A. Byrne U.S. Courthouse

601 Market Street

Philadelphia, PA 19106

RECEIVED
AUG - 4 2025
U.S.C.A. 3rd. Cir.

⬅ PEEL FROM THIS CORNER





UNITED STATES
POSTAL SERVICE.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuse may be a violation of federal law. This package is not for resale. EP13F, SF © U.S. Postal Service; July 2022. All rights reserved.