NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In Re DAVID J. CATANZARO,**
*Petitioner*

2026-102

On Petition for Writ of Mandamus to the United States District Court for the Middle District of Pennsylvania in Nos. 3:22-cv-01754-JFS-PJC and 3:22-cv-01768-JFS-PJC, Judge Joseph F. Saporito, Jr.

**ON PETITION**

Before PROST, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

**O R D E R**

David J. Catanzaro petitions for a writ of mandamus. Specifically, Mr. Catanzaro asks to compel "transfer" of his patent cases from the United States District Court for the Middle District of Pennsylvania to the United States District Court for the Western District of Pennsylvania "pursuant to 28 U.S.C. § 1406(a)," because "the current venue has proven structurally incapable of providing timely or

impartial adjudication." ECF No. 2 at 3.[1] We deny the petition.

Mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (cleaned up). Thus, a petitioner seeking such relief must show: (1) "no other adequate means to attain the relief he desires," (2) a "clear and indisputable" right to relief, and (3) the writ is "appropriate under the circumstances." *Id.* at 380–81 (cleaned up). Mr. Catanzaro's petition fails to satisfy these requirements. Mr. Catanzaro has shown no extraordinary delay in the resolution of his case to warrant mandamus intervention. *See In re Maggitti,* No. 24-1660, 2024 WL 1952863, at *1 (3d Cir. May 3, 2024). Nor has he made a clear and indisputable showing regarding purported judicial bias, *see Liteky v. United States*, 510 U.S. 540, 555 (1994), or any other ground that might warrant granting mandamus relief to compel transfer of his cases.[2]

Accordingly,

---

[1] Mr. Catanzaro petitioned for relief before the United States Court of Appeals for the Third Circuit, which transferred here as we have exclusive jurisdiction over such petitions in patent cases. *See In re Princo Corp.*, 478 F.3d 1345, 1351–52 (Fed. Cir. 2007); 28 U.S.C. §§ 1295(a)(1), 1651.

[2] Our decision that Mr. Catanzaro's petition fails to make this showing should not be understood as taking any position on the appropriate resolution of defendants' pending motion to dismiss. *See Catanzaro v. Lykart Techs. LLC,* No. 3:22-cv-1754, Dkt. No. 119 (M.D. Penn. June 13, 2025) (addressing § 1406(a)).

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

November 24, 2025
Date

Jarrett B. Perlow
Clerk of Court