Case No.    26-102

United States Court of Appeals

for the Federal Circuit

---

In re: David J. Catanzaro,

Petitioner

---

RECEIVED

DEC 15 2025

United States Court of Appeals
For the Federal Circuit

PETITION FOR REHEARING EN BANC

(Including Brief Supporting Rehearing)

---

On Petition for Writ of Mandamus

to the U.S. District Court (M.D. Pa.)

(Docket Nos. 3:22-cv-01754 and 3:22-cv-01768)

---

David J. Catanzaro

Plaintiff and Petitioner, Pro Se

286 Upper Powderly Street

Carbondale, PA 18407

davidjosephus@aol.com

December 8, 2025

## I. INTRODUCTION AND RELIEF REQUESTED

Petitioner respectfully seeks rehearing en banc of this Court's November 24, 2025 order denying his petition for a writ of mandamus. Petitioner proceeds pro se and is not registered for electronic service. He did not receive mailed notice of the judgment under Federal Rule of Appellate Procedure 36(b) and became aware of the November 24 order only by manually checking the Federal Circuit docket on PACER. This petition is filed within the time allowed by Federal Rule of Appellate Procedure 40(a)(1).

Rehearing en banc is warranted because the panel's order did not account for a structural jurisdictional defect that has now materialized in the district court proceedings. After the November 24 disposition, and before any mandate issued in this case, the district court entered an order on defendants' motion for reconsideration (Doc. 139), relying on the Federal Circuit's docket entry (Doc. 21) even though no mandate had been transmitted, docketed, or made operative. A district court cannot act on an appellate disposition until jurisdiction has been returned through the mandate. This defect compounds the extraordinary circumstances already presented in the mandamus petition: defaulted defendants in Case No. 3:22-cv-01768 leveraging the court's inaction, multiple fully briefed motions pending for extended periods in both cases, coercive settlement pressure

by defaulted defendants, a current default defendant's bankruptcy while default judgment motions remain unresolved, and prior appellate findings of abuse of discretion involving the same district court in the companion case, 3:22-cv-01754. These circumstances demonstrate that the panel's framework misapprehended the record and the governing mandamus standards and warrant en banc intervention.

## II. QUESTIONS PRESENTED

1. Whether rehearing en banc is warranted where, after the panel's denial of mandamus, the district court issued an order (Doc. 139) before the mandate had issued, relying on a Federal Circuit docket entry (Doc. 21) that had not been transmitted or made operative—thereby acting without jurisdiction in violation of Federal Rule of Appellate Procedure 41 and longstanding mandate principles.

2. Whether the panel misapplied authority addressing routine civil delay to a materially different record involving extraordinary procedural circumstances, including seven months of unresolved, fully briefed motions; cross-case prejudice affecting two related actions; coercive settlement pressure created by defaulted defendants; a defaulted defendant entering bankruptcy while a motion for default judgment remained pending; and prior appellate findings of abuse of discretion involving the same district court.

## III. ARGUMENT

### A. Petitioner is filing within the 14-day period and did not receive the notice of entry required by FRAP 36(b)

Petitioner files this rehearing petition within the 14-day period set by Federal Rule of Appellate Procedure 40(a)(1). Under Federal Rule of Appellate Procedure 25(a)(2)(A)(ii), a brief is timely filed if, on or before the last day for filing, it is mailed by first-class mail or dispatched to a commercial carrier for delivery within three days. Because this petition includes a supporting brief and is being mailed on or before the fourteenth day after entry of judgment, it is timely under Rules 25(a)(2)(A)(ii) and 40(a)(1).

Petitioner respectfully notes, however, that he did not receive the mailed notice of entry required by Rule 36(b). As a pro se litigant who is not registered for electronic service, Petitioner relies entirely on mailed notice to determine when appellate deadlines begin. Although the Clerk's Office may have mailed notice, Petitioner did not receive it and became aware of the November 24 disposition only by manually monitoring the PACER docket. While entry of judgment triggers the rehearing clock under FRAP 40(a)(1), the absence of the required mailed notice under FRAP 36(b) impaired Petitioner's ability to respond promptly and warrants equitable consideration.

Petitioner offers this not as a challenge to the Clerk's Office, but to highlight the procedural uncertainty that has characterized these proceedings and that bears directly on the issues presented for rehearing. Ensuring that Rule 36(b) notice operates reliably, particularly for pro se litigants. This procedural uncertainty further underscores the need for en banc review to ensure clarity, stability, and proper application of the appellate rules in this case.

**B. The district court's reasoning in Doc. 94 confirms extraordinary delay, misapprehension, and prejudice**

As outlined in Petitioner's original mandamus filing, in Case 3:22-cv-01768 Petitioner sought a ruling on a motion for default judgment that had remained pending for seven months. During this period, two defaulted defendants threatened to reenter the case and expressly used the court's inaction to pressure Petitioner into unfavorable settlements, and one defaulted defendant entered bankruptcy while the motion remained unresolved. Petitioner repeatedly attempted to obtain a ruling, as the prolonged inaction was destabilizing the procedural posture and materially impairing Petitioner's ability to protect his interests and maintain a fair, balanced adjudicatory process.

Because rulings in Case 3:22-cv-01754 threatened to undermine the default status and pending default judgment motion in 01768, Petitioner requested that 01754 be

stayed until the district court ruled on the long-pending default judgment motion in 01768.

When denying the stay motion in Case 3:22-cv-01754, the district court stated in Doc. 94:

"A review of Catanzaro's motion to stay and his repeated attempts in action No. 22-cv-1768 to compel expedited rulings on his pending motions show that his attempted stay here is simply his latest effort to compel the court to address the outstanding motions in No. 22-cv-1768 on an expedited basis. But a plaintiff may not pursue or delay a litigation he commences at whim, or in an attempt to dictate the matters to which the court affords its attention."

Petitioner responded in his mandamus petition:

"This quote speaks volumes—not merely for what it says, but for what it reveals. The Court is aware that Plaintiff's motions in 01768 have gone unanswered, yet instead of addressing them, it portrays Plaintiff's attempts to obtain rulings as improper. It then uses that as a basis to punish Plaintiff in a separate matter (01754), denying a stay motion not on its merits, but in retaliation for seeking rulings in 01768."

In addition, the district court's reasoning in Doc. 94 rested on a mischaracterization of Petitioner's position. In his stay motion (Doc. 89), Petitioner explained that prejudice ran in both directions—that proceedings in 01754 could affect 01768, and that proceedings in 01768 could affect 01754. The defendants' non-opposition brief (Doc. 91) addressed only one direction, asserting that rulings in 01768 would not affect 01754. The district court adopted only that framing and overlooked the more serious concern Petitioner identified: that rulings in 01754 could undermine the default posture and pending default judgment motion in 01768. Petitioner immediately clarified this in his motion for reconsideration (Doc. 95), emphasizing the actual source of prejudice. The court never ruled on that motion.

A stay was therefore denied on a one-sided premise, and Petitioner's correction was never addressed. This misapprehension directly contributed to the cross-case prejudice documented in the mandamus petition, and it constitutes the type of extraordinary circumstance warranting en banc review.

## C. The Third Circuit has already identified abuse of discretion in this same litigation stream, and the pattern has worsened

As Petitioner explained in the mandamus petition—and as now set out in greater detail—the Third Circuit previously found that the district court abused its discretion in Case No. 3:22-cv-01754. In *Catanzaro v. Does 1–50; Walmart, Inc.;*

*Walmart.com*, No. 24-1247 (3d Cir. July 12, 2024), the court vacated a dismissal after holding that the district court wrongly denied Petitioner's motion based on a briefing requirement that did not apply and penalized him despite his assertion that he never received the underlying order by mail.

That prior reversal, involving the same litigation stream and one of the two patent cases now at issue (3:22-cv-01754), was cited in the mandamus petition as evidence of abuse of discretion. The circumstances identified there have only intensified, reflecting a recurring pattern of procedural misapprehension and irregularity. This continued pattern reinforces the need for en banc review, as it demonstrates that the present petition concerns not an isolated instance of delay but a systemic problem affecting the fair administration of justice in these related cases.

## D. The authorities relied on by the panel do not fit the circumstances of this case

The panel cited *In re Maggitti*, No. 24-1660, 2024 WL 1952863 (3d Cir. May 3, 2024), which involved a 21-day delay on a temporary restraining order request in a case that had already been stayed. *Maggitti* did not involve dispositive motions, default posture, cross-case interdependence, or any form of prejudice to the litigant. Nothing in *Maggitti* resembles the circumstances presented here.

7

In Petitioner's case (01768), the delay was not twenty-one days but seven months on a dispositive default-judgment motion central to the procedural structure of two related patent cases. During that period, defaulted defendants used the district court's silence to threaten reentry, coerce unfavorable settlement, and exploit a bankruptcy posture. None of these forms of prejudice existed in *Maggitti*. The panel's reliance on that authority therefore does not address—and cannot resolve—the extraordinary circumstances presented here.

The panel also cited *Liteky v. United States*, 510 U.S. 540, 555 (1994). But Petitioner did not assert personal bias under *Liteky*. Petitioner described a pattern of procedural imbalance: the court crediting joint-defense filings that rested on partially incorrect information (which Petitioner raised but to which he received no response), overlooking Petitioner's pleadings, and characterizing his efforts to obtain rulings as actions taken "at whim." These concerns implicate structural procedural fairness, not extrajudicial bias. Reliance on *Liteky* misframed the issue and did not address the procedural irregularities at the heart of this mandamus petition.

## IV. WHY EN BANC REVIEW IS WARRANTED

Rehearing en banc is warranted because this case presents recurring and important questions about how mandamus standards should apply when prolonged inaction,

structural procedural irregularities, and cross-case prejudice converge in a manner not addressed by ordinary "delay" precedent.

This case also raises systemic concerns regarding notice, docket integrity, and access to appellate review for pro se litigants. The Federal Circuit's November 24, 2025 order was properly entered only on the appellate docket and, consistent with the mandate rule, was not transmitted to the district court. However, Petitioner never received the mailed notice of entry required by Federal Rule of Appellate Procedure 36(b), learning of the disposition only through manual monitoring of PACER. Despite the absence of a mandate, the district court nevertheless acted as though jurisdiction had returned by issuing an order on the defendants' motion for reconsideration (Doc. 139). Acting without jurisdiction, and relying on an appellate disposition that had not been transmitted or made operative, underscores the structural irregularities that further warrant en banc review.

The record further demonstrates a pattern that has already drawn appellate concern. The prior Third Circuit reversal involving one of these same actions, combined with the seven-month delay on a dispositive motion, the mischaracterization of Petitioner's efforts as actions taken "at whim," and the cross-case consequences for defaulted defendants and settlement posture, present an extraordinary constellation of circumstances requiring en banc review.

The procedural irregularities in the district court have also begun to spill into this Court's appellate docket. In this mandamus proceeding, a defaulted defendant from the underlying case, AliExpress, attempted to file a Certificate of Interest (Dkt. 12) even though it was not a party to the appeal. The Clerk of Court correctly issued a Notice of Non-Compliance (Dkt. 15), explaining that AliExpress was not a proper party and would need to file a motion to intervene under Fed. Cir. R. 15(b)(4). AliExpress then submitted a "Corrected" Certificate of Interest (Dkt. 17) without filing the required motion.

This episode illustrates the broader procedural dysfunction surrounding these cases: a defaulted party in the district court sought to participate in an appellate mandamus proceeding without ever having been granted party status in either forum. The Clerk's Office properly identified the irregularity, but the situation underscores the systemic confusion created by the district court's prolonged inaction and inconsistent administration of the underlying cases. These circumstances further support en banc intervention.

## V. CONCLUSION

To the extent the panel concluded there was no "extraordinary delay," no structural irregularity, and no "clear and indisputable" entitlement to relief, Petitioner respectfully submits that the record demonstrates otherwise. Although Petitioner

does not allege personal bias under *Liteky*, the pattern documented here presents an appearance of procedural imbalance that, when combined with the jurisdictional defect and the other extraordinary factors described herein, warrants en banc intervention.

The district court's exercise of jurisdiction in issuing Doc. 139 before the mandate had issued presents a fundamental structural defect that goes to the core of mandamus review. Acting without jurisdiction—based on an appellate disposition that had not been transmitted or made operative—reflects the type of procedural irregularity that further warrants en banc correction.

Compounding this is the absence of the required mailed notice under Federal Rule of Appellate Procedure 36(b). Petitioner received no notice of the November 24 disposition and learned of it only through manual PACER monitoring, underscoring systemic concerns regarding notice, docket integrity, and access to appellate review for pro se litigants.

Finally, and at the heart of this matter, the broader record demonstrates extraordinary circumstances not addressed by ordinary delay precedent: a seven-month unresolved dispositive motion in Case 3:22-cv-01768; defaulted defendants exploiting that inaction to threaten reentry, exert coercive settlement pressure, and leverage a bankruptcy posture; cross-case prejudice flowing into Case 3:22-cv-

11

01754; the mischaracterization of Petitioner's efforts as actions taken "at whim"; and a prior appellate reversal for procedural error in this same litigation stream. Taken together, these circumstances reflect procedural stagnation, administrative inconsistency, and a misapprehension of Petitioner's filings that collectively satisfy the standards for mandamus relief.

For the foregoing reasons, Petitioner respectfully requests that the Court grant rehearing en banc, vacate the panel's November 24, 2025 order denying mandamus, and issue a writ directing transfer of Case Nos. 3:22-cv-01754 and 3:22-cv-01768 from the Middle District of Pennsylvania to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

Petitioner, proceeding pro se, respectfully requests the Court's careful consideration of the issues presented, as the integrity and even-handed administration of the judicial process are directly implicated.

Date December 8, 2025

Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

# CERTIFICATE OF COMPLIANCE

This petition complies with the type-volume limitations of Federal Rule of Appellate Procedure 35(b)(2)(A) and 40(b)(1) because it contains **2,338 words**, excluding the parts of the petition exempted by Federal Rule of Appellate Procedure 32(f).

This petition complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using 14-point Times New Roman font.

Date December 8, 2025                    Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 26-102

**Short Case Caption** In re: Catanzaro

> **NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on _____

by  ☑ U.S. Mail   ☐ Hand Delivery   ☐ Email   ☐ Facsimile
    ☐ Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Erika Warren<br>Madeline A. Woodall | Warren Kash Warren LLP<br>2261 Market Street, Suite 606<br>San Francisco, CA 94114 |
| John V. Gorman | Morgan, Lewis & Bockius LLP<br>2222 Market Street<br>Philadelphia, PA 19103 |
| Jonas Wang<br>Melanie L. Bostwick | Orrick, Herrington & Sutcliffe LLP<br>2100 Pennsylvania Avenue NW<br>Washington, DC 20037 |
| Rschael D. Lamkin | Baker Botts LLP<br>101 California Street, Suite 3200<br>San Francisco, CA 94111 |
| | |

☐  Additional pages attached.

Date: 12/08/2025

Signature: _David J. Catanzaro_

Name:     David J. Catanzaro

**CERTIFIED MAIL®**

7022 1670 0001 7794 9813

David Catanzaro
286 Upper Powderly Street
Carbondale, PA 18407

 

Retail

U.S. POSTAGE PAID
FCM LG ENV
JERMYN, PA 18433
DEC 08, 2025

20439   **$7.47**

RDC 99                     S2324A500414-08

USHS
DEC 1 5 2025
SCANNED

Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

**RECEIVED**

DEC 1 5 2025

United States Court of Appeals
For the Federal Circuit